FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SCOTT CAIN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 1:17-CV-3094-JTR

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney D. James Tree represents Scott Cain (Plaintiff); Special Assistant United States Attorney Jeffrey Eric Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on February 20, 2013, alleging disability since May

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . . - 1

1, 2009, due to depression, sciatic nerve, lower back problems, hernia and anxiety. Tr. 254. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Wayne N. Araki held a hearing on August 17, 2015, Tr. 38-75, and issued an unfavorable decision on January 21, 2016, Tr. 16-31. The Appeals Council denied Plaintiff's request for review on March 29, 2017. Tr. 1-6. The ALJ's January 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 24, 2017. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on January 25, 1970, and was 39 years old on the alleged onset date, May 1, 2009. Tr. 216. Plaintiff completed school through the eighth grade and completed cosmetology school in 1991. Tr. 44, 255. He has past work as a cook assistant, hair stylist and warehouse worker. Tr. 255. Plaintiff's disability report indicates he stopped working on May 1, 2009, because of his drug use. Tr. 254.

Plaintiff testified at the administrative hearing on August 17, 2015, that he has been homeless off and on for the last 15 years. Tr. 41. Plaintiff had been using methamphetamines, marijuana and heroin over the last year, but was, at that time, in detox following a suicide attempt. Tr. 50-52. He stated the triggering event for his most recent relapse was the November 2014 death of his mother, Tr. 62, and he had not had more than a month or two of continuous sobriety since he was discharged from drug treatment in September of 2014, Tr. 53. Plaintiff testified he stopped taking his mental health medications when using illicit drugs. Tr. 54-55.

Plaintiff stated that every day he has feelings of hopelessness, no sense of direction, nightmares, extreme anxiety, a lack of energy, and "no desire to do life." Tr. 64. He indicated these symptoms persist during periods of sobriety. Tr. 64. Plaintiff testified he will begin to get overwhelmed with life stressors and his response is to use illicit drugs. Tr. 64-65.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the

claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs which Claimant can perform exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 21, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 1, 2009, the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: depression, posttraumatic stress disorder (PTSD), borderline personality disorder, and polysubstance abuse in intermittent remission. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of work at all exertional levels, but with the following nonexertional limitations: he is able to remember, understand, and carry out instructions and tasks generally required by occupations with an SVP of one to two and have only occasional interactions with the general public. Tr. 22.

At step four, the ALJ found Plaintiff was able to perform his past relevant work as a cook helper and stores laborer. Tr. 29.

Alternatively, the ALJ determined at step five that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work

experience and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of landscape laborer, industrial cleaner, production assembler, document preparer, escort vehicle driver, and assembler. Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from May 1, 2009, the alleged onset date, through the date of the ALJ's decision, January 21, 2016. Tr. 29-31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinion evidence of record; (2) failing to take into consideration and assess Plaintiff's obesity and associated limitations; and (3) improperly discrediting Plaintiff's symptom testimony.

## DISCUSSION

**A.     Medical Opinion Evidence**

Plaintiff contends the ALJ erred by failing to properly consider the medical opinion evidence of record. ECF No. 15 at 4-18. Plaintiff specifically asserts the ALJ erred by giving little to no weight to the reports of treating physician Caryn Jackson, M.D., examiner Phillip Barnard, Ph.D., examiner R.A. Cline, Psy.D., and medical professionals Sonya Starr, ARNP, Amelia Rutter, ARNP, and Laurie Jones, LMFT, MSW. *Id*.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight

than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.

The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). The ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ shall provide germane reasons for discounting "other source" testimony.

In making findings regarding the medical opinion evidence of record, the ALJ must set forth specific, legitimate reasons that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Moreover, the ALJ is required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

**1. Dr. Jackson**

Dr. Jackson, Plaintiff's primary care physician, Tr. 603, completed a physical functional evaluation of Plaintiff on March 22, 2013, and determined that Plaintiff would be limited to sedentary exertion level work, Tr. 455. Dr. Jackson diagnosed moderate to severe depression, fatigue/malaise, history of drug abuse in

remission, and restless leg syndrome and opined that Plaintiff was in need of ongoing mental health treatment. Tr. 454-455.

The ALJ referred to Dr. Jackson as "Ms. Jackson" and questioned whether Dr. Jackson had the expertise to determine the physical limitations and pain level that would result from lower back pain as well as depression, anxiety, fatigue and drug abuse. Tr. 26. The ALJ accorded "no weight" to "Ms. Jackson's" physical assessment, finding it lacked evidence to support the opinion and was inconsistent with her own observations of Plaintiff's performance on exam. Tr. 26.

First, it appears the ALJ improperly determined that Dr. Jackson, who has a medical degree, was not an acceptable medical source and unqualified to assess Plaintiff's functional capacity. Tr. 26. While the regulations generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist, 20 C.F.R. § 404.1527(d)(5); *see Holohan v. Massanari*, 246 F.3d 1195, 1202 n. 2 (9th Cir. 2001), Dr. Jackson, an acceptable treating medical source, was fully qualified to opine regarding Plaintiff's symptoms and corresponding limitations. This was not a proper basis to reject Dr. Jackson's opinions.

Next, with respect to the ALJ's finding that Dr. Jackson's opinion lacked support and was inconsistent, the record demonstrates Dr. Jackson provided support for her determinations. Tr. 378-381. Dr. Jackson provided a discussion of Plaintiff's symptoms including fatigue, irritability, abdominal pain, anxiety, depression, difficulty concentrating, fearfulness, headache, inability to focus, mood swings, obsessiveness, psychiatric symptoms, sleep disturbance and suicidal ideation. Tr. 378, 379-380. Dr. Jackson further noted Plaintiff's fatigue and malaise were related to his depression. Tr. 378. The ALJ's finding that Dr. Jackson's opinion lacked support and was internally inconsistent is not supported by substantial evidence.

///

The Court concludes the ALJ erred by failing to provide cogent, specific, and legitimate reasons for rejecting treating physician Jackson's opinion that Plaintiff would be limited to sedentary exertion level work. A remand is required for reconsideration of Dr. Jackson's physical assessment and for further development of the record in this case.

### 2. Dr. Barnard

On September 26, 2013, Dr. Barnard performed a consultative psychological evaluation. Tr. 585-589. Dr. Barnard diagnosed dysthymic disorder; polysubstance dependence; and personality disorder, not otherwise specified (NOS), with features of borderline and antisocial. Tr. 586. He opined that Plaintiff would have marked limitations in his abilities to communicate and perform effectively in a work setting, to complete a normal work day and work week without interruptions from psychologically based symptoms, and to maintain appropriate behavior in a work setting. Tr. 587. Dr. Barnard recommended a drug/alcohol evaluation. Tr. 588.

The ALJ rejected the report of Dr. Barnard because it was "formed at a time when the claimant might have been clean and sober from spice and alcohol for four months at most" and because "a clear picture of his functioning without substance abuse would be difficult to formulate." Tr. 28. This is improper rationale to accord no weight to Dr. Barnard's opinions.

Inconsistent with these findings, the ALJ accorded "some weight" to the opinion of Dr. Cline specifically because it was rendered "at a time when the claimant had been clean for about four to five months." Tr. 27-28. Nevertheless, an ALJ must consider whether the claimant is under a disability considering all of the claimant's impairments, including drug and alcohol abuse ("DAA"). 20 C.F.R. §§ 404.1535(a), 416.935(a). If the ALJ concludes the claimant's impairments, including DAA, are disabling, the Commissioner then must determine whether DAA is a "material factor" contributing to the disability. 20 C.F.R. §§

404.1535(a), 416.935(a). While it may have been difficult for the ALJ to formulate a clear picture of Plaintiff's functioning without substance abuse, Tr. 28, this is an ALJ's duty. *See Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001). If it is not possible for the ALJ to separate out the effects of DAA from a claimant's other impairments, a finding of 'not material' would be appropriate. SSR 13-2p. Here, however, Dr. Barnard specifically reported that Plaintiff's impairments were not primarily the result of alcohol or drug use within the past 60 days. Tr. 588.

The ALJ also indicated Dr. Barnard's opinion was entitled to no weight because Plaintiff reported he was getting better and showed appropriate appearance, speech and affect as well as maintained attention, intact memory and logical thought processes. Tr. 28. Dr. Barnard's findings are the result of his assessment of Plaintiff's functioning at the time of the September 2013 examination, regardless of other evidence of Plaintiff's improvement of symptoms. Even if Plaintiff's symptoms had improved, Dr. Barnard's examination results still reflected his determination that Plaintiff had marked limitations at that time. The ALJ's reasoning is flawed.

Based on the foregoing, the ALJ should additionally reassess the evaluation of Dr. Barnard and provide a detailed analysis related to the weight assigned to his opinions, including the assessed marked limitations.

### 3. Dr. Cline

Dr. Cline completed a Psychological/Psychiatric Evaluation of Plaintiff on July 31, 2014. Tr. 611-616. Dr. Cline diagnosed major depressive disorder, recurrent, moderate; PTSD; anxiety disorder, NOS, with features of GAD; methamphetamine use disorder, marked, in early full remission; alcohol use disorder, marked, in early full remission; marijuana use disorder, severe, in early full remission; cocaine use disorder, in sustained full remission; personality disorder, NOS, with features of borderline and antisocial; and personality

disorders. Tr. 613. Dr. Cline opined that Plaintiff would have a marked limitation in his ability to complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 614. He indicated that with continued sobriety, Plaintiff should experience at least a modest decrease in his mental health symptoms. Tr. 614.

The ALJ accorded "little weight" to Dr. Cline's assessed marked limitation, indicating it was not consistent with the contemporary mental status examinations and the observations of Plaintiff's performance in other evaluations when he had been clean and sober. Tr. 27.

The ALJ failed to describe what specific evidence contradicted the opinions of Dr. Cline. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding the agency must set forth reasoning behind its decisions in a way that allows for meaningful review). If the ALJ fails to specify his rationale, a reviewing court will be unable to review those reasons meaningfully without improperly "substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions." *Brown-Hunter*, 806 F.3d at 492 quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Because the ALJ failed to identify what specifically contradicted the medical opinions of Dr. Cline, the Court finds this basis to discount the report is not properly supported.

Nevertheless, the Court finds that Dr. Cline's opinions are supported by the examination notes and other evidence of record. As determined by the ALJ, the mental status examination showed some abnormalities in Plaintiff's cognitive functioning. Tr. 27, 615. Plaintiff had only 2/3 recall after a short delay (somewhat below average), could repeat seven digits forward but only four backwards indicating a working memory problem, and could not complete serial subtractions without errors. Tr. 615. Moreover, as noted in Plaintiff's brief, other evaluations throughout the record found insight or judgment limitations, poor

attention and concentration, and suicidal ideation. ECF No. 15 at 13 (indicating multiple citations for support).

Consequently, the Court finds the ALJ erred by failing to provide cogent, specific, and legitimate reasons for according "little weight" to Dr. Cline's opinion that Plaintiff would be markedly limited in his ability to complete a normal work day and work week without interruptions from psychologically based symptoms.

### 4. Nurses Starr and Rutter

Nurse Starr and Nurse Rutter each filled out a "Medical Report" generated by Plaintiff' attorney, Mr. Tree. Tr. 458-459, 803-804. On September 26, 2013, Ms. Starr opined Plaintiff would miss four or more days of work per month due to his medical impairments. Tr. 459. On June 2, 2015, Ms. Rutter reached the same conclusion. Tr. 804. The ALJ accorded "no weight" to these other source opinions. Tr. 28.

Although the undersigned agrees with the ALJ that Ms. Starr's opinion on the report appears to be based at least in part on Plaintiff's self-report and finds the opinions of the two nurses are not well supported, the rationale for according no weight to their opinions is not particularly convincing. Since this matter must be remanded for additional proceedings to remedy the aforementioned defects with the medical opinion evidence of record, the ALJ shall additionally be directed to reconsider and readdress the "Medical Reports" of Nurses Starr and Rutter.

### 5. Ms. Jones

On September 27, 2013, Ms. Jones filled out a Mental Residual Functional Capacity Assessment form regarding Plaintiff. Tr. 460-462. Ms. Jones checked boxes indicating that Plaintiff was markedly limited in 15 out of 20 categories of mental functioning. *Id.*

The ALJ rejected the report of Ms. Jones for the same reasons he rejected Dr. Barnard's opinion ("formed at a time when the claimant might have been clean and sober from spice and alcohol for four months at most" and "a clear picture of

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 11

1 his functioning without substance abuse would be difficult to formulate") and
2 additionally noted that Ms. Jones treating relationship was brief and she did not
3 provide any explanation for her opinions. Tr. 28.

As indicated above, the ALJ's substance abuse rationale is inconsistent and flawed. *See supra.* Furthermore, Ms. Jones, Plaintiff's therapist, had been treating Plaintiff for a year before completing the form opinion. Tr. 438. Accordingly, the ALJ shall additionally be required to reconsider and readdress the opinions of therapist Jones on remand.

The ALJ's assessment of Plaintiff's functioning is not supported by substantial evidence. Plaintiff's RFC must be redetermined, on remand, taking into consideration the opinions of the medical professionals noted above, as well as any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits. This matter will be remanded for additional proceedings in order for the ALJ to further develop the record, take into consideration Plaintiff's physical and psychological impairments, and assess the limitations Plaintiff's impairments have on his functionality.

**B.     Obesity**

Plaintiff next contends the ALJ erred by failing to properly assess his obesity. ECF No. 15 at 18-19.

Plaintiff has the burden of proving that he has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows he has a severe impairment. 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§
///

404.1521, 416.921. "Basic work activities" are defined as the abilities and aptitudes necessary to do most jobs. 20 C.F.R. §§ 404.1521(b), 416.921(b).

Plaintiff's disability report fails to mention obesity as an issue causing his alleged disability. *See* Tr. 254 (alleging only depression, sciatic nerve, lower back problems, hernia and anxiety as conditions that limit Plaintiff's ability to work). Moreover, Plaintiff did not raise his obesity as restricting his functionality at the time of the administrative hearing. Without more, it appears the ALJ's assessment of the record with respect to Plaintiff's weight and BMI was not flawed. Nevertheless, given the ALJ's erroneous determinations regarding the medical opinion evidence of record and the resultant necessity of a remand to remedy those defects, the ALJ shall also reexamine Plaintiff's physical limitations and specifically address the impact of Plaintiff's obesity, if any.

**C. Plaintiff's Subjective Complaints**

Plaintiff also contends the ALJ erred by improperly discrediting his symptom claims. ECF No. 15 at 19-21.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

///

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. Tr. 23. The ALJ listed the following reasons for finding Plaintiff's subjective complaints only partially credible in this case: (1) Plaintiff failed to follow medical treatment advice by not taking his prescribed medications and by failing to stay clean and sober; (2) the record reflected Plaintiff's symptoms improved with treatment; (3) Plaintiff's alleged symptoms were caused by situational stressors, not his medically determinable impairments; (4) Plaintiff's activities were inconsistent with his allegations of disabling functional limitations; and (5) Plaintiff's lack of employment was related to other factors (i.e. illicit drug use) rather than limitations stemming from his impairments. Tr. 23-26.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy defects in light of the ALJ's erroneous determination regarding the medical opinion evidence of record. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

## **CONCLUSION**

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects.

///

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reconsider Plaintiff's physical and psychological limitations and specifically address the impact of Plaintiff's obesity, if any. The ALJ shall reconsider the opinions of Drs. Jackson, Barnard, and Cline and all other medical evidence of record, including nurses Starr and Rutter and therapist Jones. The ALJ shall further develop the record by directing Plaintiff to undergo consultative physical and psychological examinations and/or by eliciting the testimony of a medical expert or experts at a new administrative hearing to assist the ALJ in formulating a new RFC determination. The ALJ shall also reevaluate Plaintiff's statements and testimony, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

If, on remand, the ALJ determines Plaintiff is disabled and his disability involves DAA, the ALJ shall conduct an additional analysis. The ALJ must consider first whether Plaintiff is under a disability considering all of the Plaintiff's impairments, including DAA. 20 C.F.R. §§ 404.1535(a), 416.935(a). But DAA may not serve as an independent basis for a disability finding. 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."). If the ALJ concludes Plaintiff's impairments, including DAA, are disabling, the ALJ must then determine whether DAA is a "material factor" contributing to the disability, i.e., whether Plaintiff's impairments would disable him independent of the limitations resulting from DAA. 20 C.F.R. §§ 404.1535(a), 416.935(a).

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED February 28, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE